# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:02CR00011 |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **DEWAYNE ANTONIO PARRIS,** ) | |
| ) | By: James P. Jones |
| Defendant. ) | Chief United States District Judge |

On July 16, 2003, the court sentenced the defendant in connection with a crack cocaine conviction. In so doing, the court considered the advisory federal sentencing guidelines as required under 18 U.S.C. § 3553(a).

Pursuant to its statutory authority, the United States Sentencing Commission has amended the federal advisory sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, effective November 1, 2007. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to the provisions of 18 U.S.C. § 3582(c)(2).

On February 25, 2008, the court received a letter from the defendant which the court treated as a Motion to Reduce Sentence pursuant to § 3582(c)(2).

Having considered the defendant's Motion to Reduce Sentence, the court concludes that the motion must be denied. The defendant was convicted of counts two, four, and five of the Indictment. Count Two charged the defendant with conspiring to distribute more than fifty grams of crack cocaine, in violation of 21 U.S.C.A. § 846 (West 1999). Congress had mandated that offenses involving at least fifty grams of crack cocaine be punished by a minimum of ten years. 21 U.S.C.A. § 841(b)(1)(A)(iii) (West 1999 & Supp. 2007). At his original sentencing, the court sentenced the defendant to 120 months on counts two, the statutory mandatory minimum. Consequently, this court is without authority to reduce the defendant's sentence.

Accordingly, it is **ORDERED** that the defendant's Motion to Reduce Sentence (Doc. No. 366) is **DENIED**.

The Clerk will send copies of this order to the defendant at his place of confinement and to the United States Attorney's Office.

ENTER: March 5, 2008

/S/ JAMES P. JONES
Chief United States District Judge